IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EASYKNOCK, INC., <br><br> Plaintiff, <br><br> v. <br><br> KNOCKAWAY INC., <br><br> Defendant. | Civil Action No. _____ <br><br> **JURY TRIAL DEMANDED** |

EasyKnock, Inc. ("Plaintiff") by and through its undersigned attorneys, Harris Beach PLLC, allege against Defendant Knockaway, Inc. ("Defendant") as follows:

**NATURE OF THE CLAIMS**

1. Plaintiff seeks a declaratory judgment that Plaintiff's use of its EASYKNOCK trademark does not infringe or otherwise violate any of Defendant's purported trademark or other rights in its purported KNOCK mark.

2. This action arises under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and related state and common law pertaining to trademark infringement, unfair competition, and/or deceptive trade practices. This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and under the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

3. This Court has personal jurisdiction over Defendant because: (i) per its website, Defendant has an office in this District; (ii) upon information and belief, Defendant solicits, transacts, and is doing business within this district and the claims in this action arise out of such business in this district; and (iii) Defendant committed tortious acts without the state causing

1

injury to Plaintiff within the state and expects or reasonably should expect these acts to have consequences in the state and derives substantial revenue from interstate commerce.

4. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400.

5. Defendant has created a substantial controversy, between parties having adverse legal interest, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Specifically, Defendant has claimed in a threatening letter sent by Defendant's counsel that Plaintiff is committing trademark infringement and is engaged in unfair competition via its use of the EASYKNOCK mark.

6. Plaintiff's use of the EASYKNOCK mark does not infringe or violate any of Defendant's trademark or other rights, and accordingly, Plaintiff seeks a declaration that (a) Plaintiff is the senior user and has priority with regard to the services Defendant accuses of infringement; (b) Plaintiff's use of the EASYKNOCK trademark has not infringed or otherwise violated any of Defendant's federal, state, or common law rights, including but not limited to rights relating to trademark infringement, unfair competition, or any other types of tortious activity; and (c) there is no likelihood of consumer confusion between Plaintiff's EASYKNOCK trademark as used in connection with Plaintiff's services and Defendant's KNOCK trademark as used in connection with Defendant's services.

7. Additionally, Plaintiff's use of the EASYKNOCK mark is senior to Defendant's use of the KNOCK mark with regard to the services at issue. As such, and in the alternative, Defendant's use of the KNOCK mark infringes Plaintiff's EASYKNOCK mark and constitutes trademark infringement, false designation of origin, unfair competition, and false advertising and deceptive acts and practices under federal, state, and/or common law.

## PARTIES

8.      Plaintiff EasyKnock, Inc. is a Delaware corporation with its principal place of business at 605 Park Avenue, New York, NY 10065.

9.      Upon information and belief, Defendant Knockaway Inc. is a Delaware corporation with its principal place of business at 55 East 3rd Avenue, San Mateo, CA 94401. Defendant also maintains an office at 335 Madison Avenue, 16th Floor, New York, NY 10017.

## FACTS

*Plaintiff's Background and EASYKNOCK Applications*

10.     Plaintiff was formed in 2016 to provide homeowners with an alternative solution to a common problem: being unable to access the value of their homes without the hassle of loans, banks, and moving. Plaintiff currently offer three programs - Sell & Stay, MoveAbility, and ReLease – and each relates to sale-leaseback arrangement that is customized to each individual's goals and needs. A residential sale-leaseback is the process by which a homeowner sells their house to an investor or business and then leases it back.

11.     Plaintiff's innovative services have been featured in coverage by Forbes, the Wall Street Journal, CNBC, U.S. News, and others.

12.     Plaintiff has used the trademark EASYKNOCK in connection with its real estate-related services since at least as early as December 16, 2016.

13.     On June 27, 2017, Plaintiff filed U.S. Application Serial No. 87/507,740 for the mark EASYKNOCK in Class 36 for "Classified real estate listings of housing rentals; Evaluation of real property; Providing a database of information about residential real estate listings in different neighborhoods and communities; Providing a database of residential real estate listings within neighborhoods and communities specifically identified by users; Providing an internet

website portal offering information in the fields of real estate concerning the purchase and sale of new and resale homes; Providing information in the field of real estate by means of linking the web site to other web sites featuring real estate information; Providing information in the field of real estate via the internet; Real estate valuation services; Real estate brokerage" on an intent-to-use basis ("the '740 application").

14. The '740 application is currently suspended based on several prior pending applications, none of which are owned by Defendant.

15. On June 27, 2017, Plaintiff filed U.S. Application Serial No. 87/507,734 for the mark EASYKNOCK in Class 9 for "Computer application software for mobile devices and handheld computers, namely, software for evaluating and marketing real estate and real estate services; Computer software for creating searchable databases of information and data in the field of real estate sales; Computer software for the provision of mortgage information, analysis, and advice in the fields of mortgage lending and real estate marketing and sales; Computer software for the provision of information in the field of real estate that may be downloaded from a global computer network; Downloadable databases in the field of real estate and consumer services; Downloadable software in the nature of a mobile application for advertising, accessing and presenting information in the nature of real estate sales" on an intent-to-use basis ("the '734 application").

16. The '734 application is currently suspended based on a prior pending application, which is not owned by Defendant.

*Defendant's Background and KNOCK Application*

17. Upon information and belief, Defendant uses the KNOCK mark in connection with a service aimed at allowing homeowners to "swap" homes by purchasing a new home and moving into it while Defendant sells their original home.

18. On September 23, 2020, Defendant filed U.S. Serial Application No. 90/204,063 for the mark KNOCK in Class 36 for "Providing information in the field of real estate; Real estate consulting services; Financial appraisal and valuation of homes; Real estate financing services; Real estate lending services; Real estate acquisition services" ("the '063 application").

19. The '063 application was filed just two days before Defendant sent a cease and desist to Plaintiff, as discussed below.

20. The filing dates of the '740 and '734 applications precede the filing date of the '063 application.

*Defendant's Actions Have Created a Substantial Controversy*

21. On September 25, 2020, counsel for Defendant sent a cease and desist to Plaintiff regarding Plaintiff's use of the EASYKNOCK mark and related trademark applications (the "Cease and Desist"). A copy of the Cease and Desist is attached hereto as **Exhibit A**. This letter states: "We write now to demand that EasyKnock, Inc. . . . immediately cease all use and infringement of the Knock Mark and cease using any and all marks that incorporate the term "Knock" including the name and mark EasyKnock . . . ."

22. The Cease and Desist further states: "Accordingly, we hereby demand that EasyKnock agrees to the following: (i) withdraw the Infringing Applications; (ii) refrain from any further use of EasyKnock Mark or other marks confusing similar to the Knock Mark and, (iii) agree to not pursue registration of any other mark containing the term 'Knock' or any confusingly similar mark in the connection with the provision of real estate services."

23.     Defendant demanded a response to the Cease and Desist no later than October 2, 2020.

24.     Defendant's claims of infringement and demand to "immediately cease and desist all use" have created a substantial controversy, between parties having adverse legal interest, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment regarding Plaintiff's use of the EASYKNOCK trademark. Plaintiff seeks through judicial intervention to remove the cloud that Defendant has cast over the EASYKNOCK trademark.

*No Priority or Likelihood of Confusion*

25.     Upon information and belief, Defendant did not begin offering its "Home Swap" services until approximately July 2020 and prior to that time Defendant's primary or sole business was as a real estate brokerage.

26.     A July 16, 2020 article on www.housingwire.com states: "Startup Knock announced Thursday it is getting out of the real estate brokerage business and becoming a lender . . . . As part of the new Home Swap program, homeowners have access to capital for home repairs . . . ."

27.     Upon information and belief, under the "Home Swap" program, Defendant serves as a lender in order to allow a homeowner buy a new home before selling their prior residence. Previously, as a real estate brokerage, Defendant provided a substantially different service. Namely, Defendant would use its own funds to buy a new home on behalf of the customer and then the customer would use the proceeds from selling their old home to buy the new home from Defendant.

28.     Plaintiff has used the EASYKNOCK mark in commerce since at least as early as December 16, 2016.

29. Plaintiff has continuously used the EASYKNOCK mark in commerce since at least as early as December 16, 2016.

30. The '740 and '743 applications were filed prior to July 2017.

31. Consequently, Plaintiff is the senior user of the services that Defendant accuses of infringement.

32. For many reasons, no likelihood of confusion has been or will be created by Plaintiff's use of the mark EASYKNOCK in connection with its services.

33. The KNOCK and EASYKNOCK marks are noticeably and materially different.

34. The first and dominant portions of the KNOCK and EASYKNOCK marks, i.e., KNOCK and EASY-, are different.

35. There are also multiple third-party uses of and trademark applications for KNOCK-formative trademarks in the real estate industry.

36. The services offered by Plaintiff and Defendant under the KNOCK and EASYKNOCK marks are not similar and are not sufficiently related to create any likelihood of confusion.

37. Plaintiff's EASYKNOCK mark is used in connection with services that allow homeowners to unlock and access the value of their homes.

38. Defendant's KNOCK mark is used in connection with services that allow individuals to sell their homes and buy new ones.

39. The consumers of these services are thus interested in different things.  Plaintiff's customers are interested gaining access to cash using the value of their homes whereas Defendant's customers are interested in moving.

40. The Cease and Desist did not assert infringement of a federally registered trademark.

41. The trademark infringement allegations made in the Cease and Desist are based on common law trademark rights.

42. Upon information and belief, Defendant's common law trademark rights are not nationwide.

43. Defendant's website states that it only offers its services in nine cities and five states, i.e., Phoenix, AZ, Denver, CO, Atlanta, GA, Raleigh-Durham, NC, Austin, TX, Dallas-Fort Worth, TX, Houston, TX, and San Antonio, TX.

44. In response to the question "Will my home qualify for the Knock Home Swap" on Defendant's website, Defendant writes, in part: "Knock is starting with homes that match the following criteria: Located within our service area (we are rolling out more markets soon . . . ."

45. Consequently, even if Defendant does have common law trademark rights, they would be limited to the cities listed above.

46. Upon information and belief, and for example, Plaintiff used the EASYKNOCK mark in Texas approximately three years prior to Defendant using the KNOCK mark in Texas.

47. Upon information and belief, there have been no instances of actual confusion among third-parties in connection with Plaintiff's use of the EASYKNOCK trademark, despite extended co-existence. Plaintiff is not aware of any correspondence, inquiries, or other communications of any kind that indicate that any third-party has believed that Plaintiff or its EASYKNOCK services are in any way affiliated with, sponsored by, or otherwise connected with Defendant or the KNOCK services.

48. For all of these reasons, no likelihood of confusion or infringement exists.

*Defendant's Infringement*

49. As described above, upon information and belief, Defendant did not begin offering its "Home Swap" services under the KNOCK mark until approximately July 2020 and prior to that time Defendant's primary or sole business was as a real estate brokerage.

50. Plaintiff began using its EASYKNOCK mark in commerce since at least as early as December 16, 2016.

51. Plaintiff has used its EASYKNOCK mark in fifteen (15) states for approximately three years prior to the commencement of this action and in all fifty (50) states since approximately August 2019.

52. In the alternative, Defendant's use of the KNOCK mark in connection with its Home Swap program infringes Plaintiff's senior common law trademark rights in the mark EASYKNOCK.

## COUNT I
## DECLARATION OF NON-INFRINGEMENT

53. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

54. The actual case and controversy that currently exists between Plaintiff and Defendant relates directly to whether Plaintiff's use of the EASYKNOCK trademark infringes Defendant's KNOCK trademark. This substantial controversy, between parties having adverse legal interests, is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

55. Plaintiff is the senior user and has priority with regard to the services Defendant accuses of infringement.

56. Plaintiff has not infringed and is not infringing Defendant's KNOCK trademark.

9

57. Accordingly, Plaintiff is entitled to a judicial declaration that (a) Plaintiff has not infringed or violated any federal, state, or common law trademark right of Defendant, including but not limited to those arising under 15 U.S.C. §§ 1114 and 1125; (b) Plaintiff is the senior user and has priority with regard to the services Defendant accuses of infringement; (c) Plaintiff's EASYKNOCK trademark is not confusingly similar to Defendant's KNOCK trademark; and (d) there is no likelihood of consumer confusion between Plaintiff's EASYKNOCK trademark as used in connection with Plaintiff's services and Defendant's KNOCK trademark as used in connection with Defendant's services.

### COUNT II
### DECLARATION OF NO UNFAIR COMPETITION OR OTHER TORTIOUS ACTIVITY IN VIOLATION OF ANY FEDERAL, STATE, OR COMMON LAW

58. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

59. The actual case and controversy that currently exist between Plaintiff and Defendant extends to whether Plaintiff has unfairly competed with Defendant or committed any other business torts. Defendant's September 25, 2020 letter to Plaintiff expressly alleged that Plaintiff's use of the KNOCK mark constituted false endorsement and unfair competition, under federal, state, and common law. This substantial controversy, between parties having adverse legal interests, is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

60. Plaintiff has not competed unfairly with Defendant or engaged in false endorsement.

61. Accordingly, Plaintiff is entitled to a judicial declaration that Plaintiff has not competed unfairly with Defendant or engaged in false endorsement in violation of any federal, state, or common law.

## COUNT III
## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
## 15 U.S.C. § 1125(a)

62. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

63. By its unauthorized use of the KNOCK mark, as described above and in the alternative, Defendant has falsely designated the origin of its products and services and has competed unfairly with Plaintiff, in violation of 15 U.S.C. § 1125(a).

64. Upon information and belief, Defendant's acts of false designation of origin and unfair competition have been done willfully and deliberately and Defendant has profited and been unjustly enriched by sales that it would not otherwise have made but for its unlawful conduct.

65. Defendant's acts described above have caused injury and damages to Plaintiff, have caused irreparable injury to Plaintiff's goodwill and reputation, and, unless enjoined, will cause further irreparable injury, whereby Plaintiff will have no adequate remedy at law.

## COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT AND
## UNFAIR COMPETITION

66. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

67. Defendant's use of the KNOCK mark, as described above and in the alternative, constitutes common law trademark infringement, passing off, and unfair competition in violation of common law.

68. Upon information and belief, Defendant's acts of common law trademark infringement, passing off, and unfair competition have been done willfully and deliberately and Defendant has profited and been unjustly enriched by sales that Defendant would not otherwise have made but for its unlawful conduct.

69. Defendant's acts described above have caused injury and damages to Plaintiff, and have caused irreparable injury to Plaintiff's goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby Plaintiff have no adequate remedy at law.

## COUNT V
## NEW YORK GEN. BUS. LAW §§ 349-350

70. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

71. Defendant's use of the KNOCK, as described above and in the alternative, constitutes false advertising and deceptive acts and practices in violation of New York General Business Law Sections 349 and 350, *et seq*.

72. Upon information and belief, Defendant's unlawful conduct has been willful and deliberate and Defendant has profited and been unjustly enriched by sales that Defendant would not otherwise have made but for its unlawful conduct.

73. Defendant's acts described above have caused injury and damages to Plaintiff, and have caused irreparable injury to Plaintiff's goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby Plaintiff have no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment for Plaintiff and against Defendant as follows:

A. Declaring that Plaintiff has not infringed and is not infringing any federal, state, or common law trademark right of Defendant, including but not limited to rights arising under 15 U.S.C. §§ 1114 and 1125;

B. Declaring that Plaintiff is the senior user and has priority with regard to the services Defendant accuses of infringement;

C. Declaring that Plaintiff's KNOCK trademark is not confusingly similar to Defendant's EASYKNOCK trademark;

D. Declaring that there is no likelihood of consumer confusion between Plaintiff's EASYKNOCK trademark as used in connection with Plaintiff's services and Defendant's trademark as used in connection with Defendant's services;

E. Declaring that Plaintiff has not and is not competing unfairly with Defendant, and has not and is not committing any other type of tortious activity in violation of federal, state, or common law;

F. Preliminarily and permanently enjoining Defendant from taking any action against Plaintiff that arises out of Plaintiff's use of the EASYKNOCK trademark;

G. Granting preliminary and permanent injunctive relief restraining Defendant, its officers, directors, agents, employees, servants, attorneys, successors, assigns and others controlling, controlled by or affiliated with Defendant and all those in privity or active concert or participation with any of the foregoing, and all those who receive actual notice by personal service or otherwise: (1) from using, orally, in writing or in any media, the name, word, or mark

KNOCK, or any other name, word or mark confusingly similar to Plaintiff's EASYKNOCK mark for any purpose; and (2) from otherwise competing unfairly with Plaintiff;

      H.      Ordering an accounting of all gains, profits, savings, and advantages realized by Defendant from its aforesaid acts of trademark infringement and dilution, false designation of origin, unfair competition, and false advertising and deceptive acts;

      I.      Awarding such damages as Plaintiff's shall establish in consequence of Defendant's aforesaid acts of trademark infringement and dilution, false designation of origin, unfair competition, and false advertising and deceptive acts, together with appropriate interest thereon, including three times the amount found as actual damages by the trier of fact to properly compensate Plaintiff for their damages, pursuant to 15 U.S.C. § 1117(a);

      J.      Ordering Defendant to deactivate all web sites and deliver up for destruction any and all promotional materials, advertisements, commercials, and other items in the possession, custody, or control of Defendant which, if sold, displayed, or used, would violate the injunction herein granted;

      K.      Declaring this an exceptional case pursuant to 15 U.S.C. § 1117 and awarding Plaintiff its reasonable attorneys' fees and costs of suit; and

      L.      Granting Plaintiff such other and further relief, in law and/or in equity, as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Date: October 12, 2020  
New York, New York

*/s/ James R. Muldoon*
James R. Muldoon (No. JRM1985)
Craig M. Spierer (No. CMS6402)
Brendan M. Palfreyman (No. BMP9405)
HARRIS BEACH, PLLC
100 Wall Street
New York, NY 10005
Tel:  212-687-0100
Fax: 212-687-0659

*Attorneys for Plaintiff EasyKnock, Inc.*