USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: _November 2, 2020_

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
   **KNOCKAWAY INC.,**

                    **Plaintiff,**
                -against-

   **EASY KNOCK INC.,**

                    **Defendant.**

------------------------------------------------------------x

**20-cv-8492 (ALC)**

**MEMORANDUM AND ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

Pending before the Court is Plaintiff Knockaway's motion to consolidate the above-captioned case with *EasyKnock, Inc. v. Knockaway, Inc.*, Case No. 20-cv-8491. (ECF No. 8.) Defendant EasyKnock consents to consolidation, but argues that the later filed case should be consolidated into the earlier filed case and not the reverse. (ECF No. 12.) The Court agrees with the Defendant. The motion to consolidate the cases is granted, and Case No. 20-cv-8491 will remain the open action.

"Rule 42(a) of the Federal Rules of Civil Procedure empowers a trial judge to consolidate actions for trial when there are common questions of law or fact to avoid unnecessary costs or delay." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). "In the exercise of discretion, courts have taken the view that considerations of judicial economy favor consolidation." *Id.* at 1285. In granting a motion to consolidate, it is a "well-settled principle in this Circuit that [w]here there are two competing lawsuits, the first suit should have priority." *First City Nat. Bank & Tr. Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989) (internal quotation marks and citation omitted). The Second Circuit has recognized only two exceptions to the first-filed rule: (1) "where the 'balance of convenience' favors the second-filed action," and (2) "where

'special circumstances' warrant giving priority to the second suit." *Emplrs. Ins. v. Fox Entm't Group, Inc.*, 522 F.3d 271, 275 (2d Cir. 2008) (citations omitted). Among those cases that present "special circumstances" are where "the first-filed lawsuit is an improper anticipatory declaratory judgment action" and "where forum shopping alone motivated the choice of the situs for the first suit." *Id*. at 275–76 (citations omitted).

Here, the Court finds that consolidation is appropriate. Both actions involve similar allegations arising from the same set of facts between the same two parties. Specifically, both complaints allege trademark infringement and unfair competition related to the parties' similar and competing products. Moreover, all parties have consented to consolidation, suggesting that consolidation will not prejudice any party.

Further, the Court does not find that either of the exceptions to the first-filed rule apply. The Court cannot conclude that Case No. 20-cv-8491 was an improper anticipatory declaratory judgment action, for the complaint in that case contains numerous causes of action other than that for declaratory judgment. *See* Case No. 20-cv-8491 (ECF No. 1). Nor was forum shopping a motive in the first case as both lawsuits were filed in the same court. As both lawsuits were filed in the same court within days of each other, and both suits remain at their inception, the Court finds that the "balance of convenience" does not favor the second-filed action. *Emplrs. Ins.*, 522 F.3d at 275.

Accordingly, it is hereby ordered that this action is consolidated for all purposes with *EasyKnock, Inc. v. Knockaway, Inc.*, Case No. 20-cv-8491.

The Clerk of this Court is respectfully directed to close Case No. 20-cv-8492.

**SO ORDERED.**

**Dated:** November 2, 2020

      **New York, New York**　　　　　　　　　　**ANDREW L. CARTER, JR.**
　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**