UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EASYKNOCK, INC.,

        Plaintiff,

-against-

KNOCKAWAY, INC.,

        Defendant.

20-cv-8491 (ALC) (KNF)

**STIPULATED CONFIDENTIALITY AGREEMENT AND [PROPOSED] PROTECTIVE ORDER**

**WHEREAS**, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in the above-captioned action (the "Action");

**WHEREAS**, the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing discovery in this Action, and the Parties, through counsel, having stipulated to the following provisions, it is hereby

**ORDERED** that any person subject to this Order—including without limitation the parties to this Action, their attorneys, representatives, agents, experts and consultants, acting as such, all third parties providing discovery in this Action, and all other interested persons with actual notice of this Order—shall adhere to the following terms, upon pain of contempt and any other sanction deemed appropriate by the Court:

**Discovery Materials May Be Designated as Confidential**

1.    This Protective Order shall be applicable to and govern all depositions, documents, or electronically stored information exchanged between the Parties prior to formal

discovery or produced by the Parties or any third parties in response to requests for production, subpoenas, answers to interrogatories, responses to requests for admission, and other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as any other information and materials hereafter furnished, directly or indirectly (including in connection with any mediation or settlement negotiations among the Parties), by or on behalf of any Party in connection with this Action (collectively, "Discovery Materials").

2. The person producing Discovery Materials may designate as "Confidential" any portion thereof that the Party reasonably and in good faith believes comprise or reflect confidential and/or proprietary information which is not generally known and which the Party normally would not reveal to third parties or would cause third parties to maintain in confidence, including, without limitation, proprietary, commercially sensitive, or otherwise confidential financial, business, commercial, research, development, technical, strategic, and/or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing person, seriously harm the producing person's business, commercial, financial, or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others.

3. The person producing Discovery Materials may designate as "Highly Confidential" any portion thereof that the Party reasonably and in good faith believes is of such a personally, commercially, or competitively sensitive nature that disclosure to persons other than those specified herein could reasonably be expected to result in injury to that Party. "Highly Confidential" Discovery Materials shall include, without limitation, information that is not known or available to the public and that constitutes, contains or reflects trade secrets; proprietary business information, methods or processes; financial data, reports, or analysis;

pricing or cost information; customer or consumer information; sales and marketing information, analysis, or planning; and other confidential information that is highly proprietary or competitively sensitive. Discovery Materials designated either as "Confidential" or "Highly Confidential" shall collectively be referred to as Confidential Discovery Material.

4. Any person subject to this Order who receives from any other person any Confidential Discovery Material shall use such Confidential Discovery Material solely for the purpose of conducting the Action (not any other judicial or other proceeding) and for no other purpose whatsoever, and shall not disclose, divulge, or communicate any such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

5. The designation of information or material for purposes of this Order shall be made in the following manner by the Party seeking protection:

a. In the case of documents, electronically stored information, interrogatory responses, responses to requests for admission, or other material (apart from depositions): by affixing a plainly visible confidentiality designation legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate) in a manner that will not interfere with legibility or audibility: (i) on each page of any document containing any confidential material; or (ii) physically on the outside of any media for storing electronic documents, at the time such documents are produced or such information is disclosed, or as soon thereafter as the Party seeking protection becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder. The terms "documents" and "electronically stored information" as used in this Protective Order, shall have the broadest meaning permissible under the Federal Rules of Civil Procedure and shall include, as relevant and without limitation, all "writings," "recordings," and

"photographs" as defined in Rule 1001 of the Federal Rules of Evidence, and any information stored in or through any computer system or other electronic or optical data storage device;

  b.  In the case of depositions: (i) by a statement on the record, by counsel, during such deposition that the entire transcript or portion thereof shall be designated either "Confidential" or "Highly Confidential" hereunder; or (ii) by written notice of such designation sent by counsel to all Parties within thirty (30) days after the Party's counsel's receipt of the transcript of the deposition. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter. At or before a deposition, the deponent or his or her counsel, or any other counsel, acting in good faith, may invoke the provisions of this Order in a timely manner, giving adequate warning to counsel for the Party that testimony about to be given is deemed protected under this Order. Whether or not so designated on the record at deposition, the Parties shall treat all deposition testimony as Highly Confidential under this Order until the expiration of thirty (30) days after the Party's counsel's receipt of the transcript of the deposition.

6.  The disclosure of a document or information without designating it as Confidential Discovery Material shall not constitute a waiver of the right to designate such document or information as Confidential Discovery Material. If at any time prior to the trial of this Action, a producing person realizes that some portion of Discovery Material that that person previously produced without limitation should be designated as Confidential Discovery Material, the producing person may so designate that portion by promptly notifying all parties in writing. Such designated portion of the Discovery Material will thereafter be treated as Confidential

Discovery Material under the terms of this Order. As soon as the receiving Parties are notified in writing of the inadvertent production, the information must be treated as if it had been timely and initially designated under this Order, and the receiving Parties must promptly endeavor in good faith to obtain all copies of the document which they distributed or disclosed to persons not authorized to access such information, as well as any copies made by such persons. In addition, the producing person shall provide each other party with replacement versions of such Confidential Discovery Material that bears the appropriate designation within ten (10) business days of providing such notice.

7. Any non-party that produces or discloses information in this Action may obtain protection of this Order by complying with the terms herein. To the extent a discovery request is made to a non-party in this Action, any Party may notify such non-party that the protections of this Order are available to such non-party.

**Who May Receive Confidential Materials**

8. No person subject to this Order, other than the producing person, shall disclose any Confidential Discovery Material to any other person whomsoever, except to:

> (a) senior management and/or in-house counsel of a Party that has input or decision-making authority over the litigation for the Party, which shall be no more than 6 individuals per Party;
>
> (b) the Parties' counsel retained specifically for this Action, including any paralegal, clerical or other assistant employed by such counsel and assigned specifically to work on this Action;

(c) as to any document, its author, its addressee(s) and any other person shown on the face of the document as having received a copy;

(d) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this Action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto and notice and a copy of the Non-Disclosure Agreement are provided to the other party pursuant to paragraph 10 below , and so long as the witness is only shown the Confidential Discovery Material during and in preparation for his/her testimony, or when counsel has made a good faith determination that it is necessary for purposes of prosecuting, defending, or appealing this Action to show such information to the witness, and the witness is not permitted to retain the Confidential Discovery Material;

   i. Notwithstanding the provisions of subparagraph 8(d), this provision shall not authorize the disclosure to the witness under 8(d) of Confidential Discovery Material which is designated as "HIGHLY CONFIDENTIAL", disclosure of which shall be limited to those persons identified in paragraph 9 below;

ii. The provisions of subparagraph 8(d) shall not preclude a Party from applying to the Court on notice to all other parties to disclose Confidential Discovery Material to a witness when counsel has made a good faith determination that it is necessary for purposes of prosecuting, defending, or appealing this Action to show such information to such witness;

(e) any person retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this Action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

(f) stenographers and video technicians engaged to transcribe or record depositions conducted in this Action;

(g) independent photocopying vendors, graphic production services, contract attorneys, electronic document management vendors, or other litigation support services employed by the Parties or their counsel to assist in this Action, including computer service personnel performing duties in relation to a computerized litigation system;

(h) the Court, its staff, and court reporters;

(i) any mediator appointed by the Court or agreed to by the Parties who assists the Parties in trying to reach a settlement of this Action; and

(j) employees of the Parties' insurance carriers to whom it is necessary that the Confidential Discovery Material be shown for purposes of the Action.

9. Access to and/or disclosure of Confidential Discovery Material pursuant to this Order shall only be permitted or made to the extent counsel reasonably and in good faith believes that such access or disclosure is reasonably necessary to the prosecution or defense of this Action. Notwithstanding any other provision of this Order, access to and/or disclosure of Confidential Discovery Material designated as "HIGHLY CONFIDENTIAL" shall only be made to those individuals described in subparagraphs 8(b)-(c) and 8(e)-(j), or upon an order of the Court after the application under subparagraph 8(d)(ii).

10. Prior to the disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 8(d) or 8(e) above, such person shall be provided by counsel with a copy of this Order and shall sign a Non-Disclosure Agreement, in the form annexed hereto, stating that that person has read this Order and agrees to be bound by its terms. Counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel, either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first. In addition, counsel shall provide opposing counsel with written notice (email being sufficient) (the "Notice") within five (5) days of obtaining a signed Non-Disclosure Agreement in accordance with the above (the "Notice Period"). The Notice shall only need to provide opposing counsel notice of the number of Non-

Disclosure Agreements obtained by counsel within the Notice Period not previously noticed and whether any such Non-Disclosure Agreement(s) was/were obtained from an employee of the Party that counsel represents or from a third party. The identity/identities of the person(s) signing the Non-Disclosure Agreement need not be provided in the Notice.

11. Each person receiving Confidential Discovery Material will maintain such Confidential Discovery Material in confidence and will not reveal any portion of it to any person not otherwise permitted pursuant to this Order without the prior written consent of the producing Party's counsel or an order by the Court authorizing such disclosure.

12. Any person who either objects to any designation of Confidential Discovery Material, or who, by contrast, requests designation of Confidential Discovery Material produced by another party, may at any time prior to the trial of this Action serve upon the producing person and all other parties a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons shall request a joint telephone call with the Court to obtain a ruling. The information in question shall be treated as Confidential Discovery Material and subject to the terms of this Order until otherwise agreed to by the Parties or ordered by the Court.

**Filing Confidential Materials in this Action**

13. Any Party may use information or documents designated as Confidential Discovery Material during any trial of this Action. In the event that any material designated under this Order is used, described, characterized, excerpted or referenced in, or attached to, any Court proceeding or submission in connection with this Action: (a) it shall not lose its confidential status through such use; (b) the Parties shall take all steps reasonably required to protect its confidentiality during such proceeding; and (c) the Party seeking to use the material

shall be allowed and is required to ~~move~~ make a motion to the Court to file such material under seal, except that upon the default of the filing Party to so request, any Party may do so.  Where possible, only confidential portions of filings with the Court shall be filed under seal.  The parties shall follow Paragraph 4.A.2 of Judge Fox's Individual Rules of Practice with respect to requests for filing under seal.

14. Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.  This Order has no effect upon, and its scope shall not extend to, any Party's or other disclosing person's use or disclosure of its own Confidential Discovery Material.  A disclosing Party or other disclosing person may agree in writing to allow access to its own Confidential Discovery Material for persons not otherwise identified in subparagraphs 8(a)-(j).

**Termination of the Litigation**

15. This Order shall extend beyond the final conclusion of this Action, and shall remain in full force and effect until modified, superseded, or terminated by written agreement of the Parties or by Order of the Court.  Within 30 days of the final disposition of this Action (including appeals, if any), all Confidential Discovery Material and all copies thereof in the possession of any person who has received such documents pursuant to this Protective Order shall be destroyed or returned to the producing Party's counsel, together with all copies, extracts and summaries thereof, except that the Parties' counsel shall be permitted to retain any and all working files on the condition that those files will remain confidential consistent with the terms of this Order.  Upon request of the producing Party, after entry of final judgment no longer subject to further appeal, counsel who received the Confidential Discovery Material shall deliver a written certification certifying compliance with the terms of this Protective Order to counsel for

the Party that produced the Confidential Discovery Material within thirty (30) days of such request.

16. During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any violation thereof.

Dated: June 4, 2021

| **HARRIS BEACH, PLLC** | **DAVIS & GILBERT LLP** |
|---|---|
| /s/ *James R. Muldoon*____ | /s/ *Marc J. Rachman*_____ |
| James R. Muldoon<br>Craig M. Spierer<br>Harris Beach, PLLC<br>100 Wall Street<br>New York, NY 10005<br>(212) 687-0100<br>jmuldoon@harrisbeach.com | Marc J. Rachman<br>Daniel A. Dingerson<br>Attorneys for Defendant<br>1675 Broadway<br>New York NY 10019<br>(212) 468-4800<br>(212) 468-4888<br>mrachman@dglaw.com |

**SO ORDERED**: 6/4/21

_____
Hon. Kevin Nathaniel Fox
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EASYKNOCK, INC., <br><br> Plaintiff, <br><br> -against- <br><br> KNOCKAWAY, INC., <br><br> Defendant. | 20-cv-8491 (ALC) (KNF) <br><br> **NON-DISCLOSURE AGREEMENT** |

I, _____ [print name], acknowledge that I have read and understand the terms of the Stipulated Confidentiality Agreement and Protective Order in the above-captioned matter governing the non-disclosure of those portions of Discovery Materials that have been designated as Confidential Discovery Material.

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the above-captioned matter have been designated as Confidential Discovery Material and are thereby confidential by Order of the Court. I agree to be bound by the Order as a condition of receiving access to, copies of, documents or information designated Confidential Discovery Material.

I agree that I will not disclose such Confidential Discovery Material or any notes or other memoranda or writings reflecting such Confidential Discovery Material to anyone other than for purposes of this Action and as specifically authorized under the Order. I further agree not to use any such Confidential Discovery Material for any purpose other than this Action.

I agree that my obligation to honor the confidentiality of such Confidential Discovery Material will continue even after the termination of this Action.

I agree that at the conclusion of the Action I will return all Discovery Materials, including any Confidential Discovery Material, to the Party or attorney from whom I received it or destroy such Discovery Materials along with any copies thereof.

By acknowledging these obligations under the Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Order could subject me to punishment for violating the Order.

Dated: _____                     _____
                                                        [Signature]