UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

EASYKNOCK, INC.,

                        Plaintiff,                          **ORDER**

      -against-                                    20-CV-8491 (ALC) (JW)

KNOCKAWAY, INC.,

                        Defendant.

-----------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

      On February 18, 2022, Plaintiff EasyKnock filed a letter (Dkt. No. 66) requesting a telephonic conference to resolve a dispute over the designation of a document (Bates No. KNOCK_0040352-0040354) (the "**Email**") as "Confidential" per the Parties' operative Protective Order. Dkt No. 49. On February 24, 2022, Defendant Knockaway filed their response. Dkt. No. 68. On February 28, 2022, the Court asked Defendant to submit a proposal for redacting the letter. Dkt. No. 69. A hearing was held on March 10, 2022. The Court finds that the document is properly designated as "Confidential."

      The Parties jointly stipulated to the Protective Order and agreed to adhere to its terms. See Stipulated Confidentiality Agreement and Protective Order (Dkt. No. 49). Paragraph 2 of the Protective Order states that a party "may designate as 'Confidential' any portion [of any Discovery Materials] that the Party reasonably and in good faith believes comprise or reflect confidential and/or proprietary information which is not generally known and which the Party normally would not reveal to third parties or would cause third parties to maintain in confidence

including…strategic… information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing person, seriously harm the producing person's business, commercial, financial, or personal interests."  The Email consists of a communication between the CEO of the Defendant corporation and other internal employees.  It discusses a marketing strategy for the launch of a new product.  In the course of the discussion, mention is made of Plaintiff EasyKnock.

The Email falls within the purview of paragraph 2 of the Protective Order.  It is an internal communication laying out Defendant's marketing strategy for a new product launch.  Defendant may reasonably consider using the same marketing strategy again in the future; as such, they have a proprietary interest in keeping those strategic decisions under seal.  The Email's discussion encompasses possible efforts to undercut Defendant's competitor, which happens to be Plaintiff; however, the fact that Plaintiff is mentioned in the Email does not change that it is strategic in nature and therefore properly designated as "Confidential."  All Parties agreed that at least some parts of the Email were confidential; the dispute was simply over which parts should be designated as such.

The redactions proposed by Defendant are approved.  Briefing and depositions that make use of the confidential portions of the Email shall be filed under seal.

The Parties are further directed to order a copy of the transcript from the March 10, 2022 hearing.  A courtesy copy of the transcript should be sent to Chambers, at U.S. District Court, 500 Pearl Street, Room 701, New York, NY, 10007.

SO ORDERED.

DATED:   New York, New York
         March 11, 2022

*Jennifer E. Willis*

                                                        JENNIFER E. WILLIS  
                                                        United States Magistrate Judge